IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN UNGER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00471 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN JAMES WHITLEY, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Robert Allen Unger, a Virginia inmate proceeding *pro se*, filed a civil action pursuant to 42 U.S.C. § 1983 against Warden James Whitley. Having reviewed the complaint, I conclude that Unger fails to state a claim against Warden Whitley and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under §1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Whitley alleges no facts against, or conduct committed by, Warden Whitley, I conclude that Unger has failed to state a claim against Warden Whitley. *See, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Accordingly, I will dismiss Unger's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

**ENTER**: This 21st day of October, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] In addition, Unger's complaint is largely incomprehensible. However, I note that this dismissal is without prejudice to Unger's ability to re-file a complaint in a separate civil action, clearly alleging facts against the named defendant or a different defendant. The dismissal is also without prejudice to Unger's ability to file a habeas petition after exhausting his state court remedies.